UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Demont Owens, #279084, | ) C/A No. 8:05-1747-GRA-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| B. Davis, Sargent, Lee Corr. Inst.; and<br>R. Hancock, Lieutenant, Lee Corr. Inst., | ) |
| Defendants. | ) |

The plaintiff, Christopher Demont Owens (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants prison correctional officers at Lee Correctional Institution, employees of SCDC.[2] Plaintiff's claims arose during his incarceration at Lee Correctional Institution. Plaintiff seeks monetary damages, as well as costs, attorney fees and appointment of counsel. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The complaint alleges Plaintiff was placed in administrative segregation for a month, during which his property, which was supposed to be packed and held in a property room, disappeared. The defendants are the correctional officers that had the responsibility to pack and store Plaintiff's property. Plaintiff attempted to use the prison grievance system to obtain return of, or reimbursement for, his property.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327 (1986). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983.[3]    *See* DeShaney v. Winnebago County Dep't of Social Servs., 489

---

[3]    A civil action for negligence could be cognizable in this court under the diversity statute, 28 U.S.C. § 1332. Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-

U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See* McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). Plaintiff, therefore, has failed to present a cognizable claim to this Court for deprivation of Due Process.

The complaint also claims Plaintiff is being denied access to the Courts. Plaintiff contends his "legal work has been put on hold due to the fact my legal work was included into that property and I'm being charged $3.25 per page for my trial transcripts and other legal documents[.]" Complaint at 4. An inmate alleging denial of court access must demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration. Lewis v. Casey, 518 U.S. 343, 349 (1996). Specific allegations must be made as to the actual injury sustained by the plaintiff claiming infringement of his right of access to the courts. *See* Cochran v. Morris, 73 F. 3d 1310, 1317 (4th Cir. 1996)(Plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989

---

791 (D.S.C. 1992). To establish diversity jurisdiction in a federal district court, 28 U.S.C. § 1332(a)(1) requires an amount in controversy which "exceeds the sum or value of $75,000 exclusive of interest and costs" and the controversy must be" between citizens of different States." Plaintiff's claim fails to meet either requirement.

F.2d 1375,1382-85 (4th Cir.), *cert. denied*, 510 U.S. 949 (1993)("basic requirement that show specific harm or prejudice from the allegedly denied access").  The fact Plaintiff is being charged for a duplicate transcript does not state how his right of access to the Courts is being denied.  No specific facts are presented to indicate Plaintiff's loss of his property caused him actual harm or injury in denying him access to the courts.  The complaint should be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the notice on the following page.

                Respectfully Submitted,

                */s/ Bruce H. Hendricks*
                BRUCE H. HENDRICKS
                UNITED STATES MAGISTRATE JUDGE

July 25, 2005
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603**