UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher Demont Owens, #279084, | C/A No. 8:05-1747-GRA-BHH |
| Plaintiff, | |
| v. | ORDER |
| B. Davis, Sgt., Lee Corr. Inst.; and R. Hancock, Lieutenant, Lee Corr. Ins., | [Written Opinion] |
| Defendants. | |

This matter is before the Court for a review of Plaintiff's objections to the magistrate's Report and Recommendation. The magistrate filed the Report and Recommendation on July 25, 2005. The magistrate recommends dismissing this action without prejudice and without issuance or service of process. For the reasons stated below, the Report and Recommendation is accepted and adopted in its entirety.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

Parties must file with the clerk of court specific, written objections to the Report

1

and Recommendation, if they wish the United States District Judge to consider them. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. FED. R. CIV. P. 72(b); *See Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984).  "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Plaintiff filed objections to the Report and Recommendation on August 5, 2005.

Plaintiff's objections do not address the basis for the magistrate's recommendation of dismissal, the lack of a cognizable claim.  Plaintiff does object to the magistrate's finding that the complaint fails to specify actual harm caused by the alleged loss of his property.  However, Plaintiff alleges only inconvenience, not actual injury, in his objections.  The magistrate correctly notes that if Plaintiff is alleging the deprivation of his property was intentional, then the correct procedure for its return would be to file an action for recovery under S.C. Code Ann. §15-69-10 *et seq.*

After a review of the magistrate's Report and Recommendation and Plaintiff's objections, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's case be DISMISSED without prejudice and without issuance or service or process.

IT IS FURTHER ORDERED that Plaintiff's motion to amend his complaint is DENIED as submitted since such amendments would not state cognizable claims.

_____
G. ROSS ANDERSON, JR.
Anderson, South Carolina           UNITED STATES DISTRICT JUDGE
August 10, 2005.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.